# IN THE COURT OF APPEALS OF IOWA

No. 15-1558
Filed March 22, 2017

**GABRIEL AVILA,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Robert A. Hutchison,

Judge.


        Gabriel Avila appeals from the denial of his application for postconviction

relief. **AFFIRMED.**



        Glen S. Downey of The Law Offices of Glen S. Downey, L.L.C., Des

Moines, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.


        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

Gabriel Avila appeals from the denial of his application for postconviction relief (PCR). Avila argues trial counsel was ineffective for failure to request an interpreter or object to the district court's determination an interpreter was not needed. Because Avila has not established either prong of his ineffective-assistance-of-counsel claim, we affirm the district court's denial of Avila's PCR application.

**I. Background, Facts, & Proceedings.**

On January 4, 2012, Avila was tried by jury on one count of delivery of a controlled substance, one count of failure to possess a tax stamp, and two counts of possession of a controlled substance. Before trial, the judge engaged in the following colloquy to determine if Avila needed an interpreter:

> THE COURT: I want to make sure we don't need an interpreter.
> THE DEFENDANT: Not really. I never need any interpreter when I started with this process.
> THE COURT: I just want to make sure that it's on the record because I don't want to go through a three-day trial and waste everybody's time and have somebody come in—have you come back later and say, "I needed an interpreter."
> If you want to make a record with him—maybe I should. This will not be admissible. I'm not placing him under oath, but I want these questions to be answered for this purpose. Where are you from?
> THE DEFENDANT: I'm from Chihuahua, Mexico, and I live in Kansas City, Missouri.
> THE COURT: And how long have you lived in the United States?
> THE DEFEANDANT: Since 1987. Almost twenty-seven years.
> THE COURT: Twenty-five years?
> THE DEFENDANT: Twenty-five years. Okay.
> THE COURT: Have you taken any English as a Second Language courses?

THE DEFENDANT: I've been taking some classes reading, you know, books, classes, video. And I've been working around American people all the time. So I be, you know, learn the language because I have this company. So I cut a deal with a lot of state inspectors.

THE COURT: Did you attend any schooling in the United States taught in English?

THE DEFENDANT: I attend about one year in Groton, Connecticut, for—it's not a whole year—about eight months. And I moved to Texas.

THE COURT: Are you able to read English?

THE DEFEANDAT: Yeah.

THE COURT: In your household do you have family members—do you speak English or Spanish?

THE DEFENDANT: They speak English and Spanish. And I got also my kids' mom, she speaks both language too.

THE COURT: And you have worked in a capacity where you've had to speak English?

THE DEFENDANT: Yeah. That's my job. I run some crews.

Q. And you feel that you have an adequate understanding of the English language? A. Yeah.

THE COURT: And you can understand me?

THE DEFENDANT: Yeah, I understand.

THE COURT: You can converse with your attorney.

THE DEFENDANT: Yes, sir.

THE COURT: And you do not need an interpreter for those purposes?

THE DEFENDANT: No.

THE COURT: And you have not had an interpreter up through now?

THE DEFENDANT: Up through now I never need—in the last six months I never used one.

THE COURT: Very good. Well, I'm satisfied. And you are not requesting an interpreter, are you?

THE DEFENDANT: No.

Avila was convicted on all four counts and the conviction was affirmed on direct appeal. *See State v. Avila*, No. 13-0134, 2014 WL 1495496, at *9 (Iowa Ct. App. Apr. 16, 2014). Avila filed the PCR application on October 10, 2014, and an amended PCR application on May 14, 2015. After the PCR trial held September

9, 2015, the district court entered a September 15, 2015 order denying Avila's PCR application. Avila now appeals.

**II. Standard of Review.**

Generally, our review of PCR proceedings is for correction of errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "However, when the applicant asserts claims of a constitutional nature, our review is de novo. Thus, we review claims of ineffective assistance of counsel de novo." *Id.*

**III. Analysis.**

"To prevail on a claim of ineffective assistance of counsel, a claimant must satisfy the *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] test by showing '(1) counsel failed to perform an essential duty; and (2) prejudice resulted.'" *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (citation omitted). "Both elements must be proven by a preponderance of the evidence." *Ledezma*, 626 N.W.2d at 142.

Iowa Code section 622A.2 (2014) provides, "Every person who cannot speak or understand the English language and who is a party to any legal proceeding or a witness therein, shall be entitled to an interpreter to assist such person throughout the proceeding." Additionally, Iowa Court Rule 47.3(2) requires an attorney to "file an application for appointment of a court interpreter with the clerk of court as soon as the attorney learns that the attorney's client or a witness for a client needs an interpreter for a court proceeding." "Without a competent and impartial interpreter to assist defendants in their understanding of criminal proceedings, defendants will be unable to adequately confront witnesses or present a defense." *Ledezma*, 626 N.W.2d at 149-50. "[A] defendant is

entitled to an adequate translation of legal proceedings so he can participate in his defense." *Kakal v. State*, No. 09-1422, 2011 WL 441683, at *2 (Iowa Ct. App. Feb. 9, 2011).

Avila contends he was entitled to an interpreter; trial counsel was ineffective for failing to request an interpreter or object to the district court's determination that an interpreter was not needed; and he was prejudiced by the lack of interpreter. At the PCR trial, Avila testified he speaks enough English "[t]o understand what was said [at trial], yes, but the processes, no, because I'm not from here and I don't know about the laws. And so in terms of understanding normal language, yes, but the process, no." Avila also testified he believed obtaining an interpreter "would have helped [him] understand the process, the laws, and [his] options." Avila argues if he had an interpreter during his trial, the outcome would have been different because he "would have been able to take— to make decisions that were different from the ones that I—that I made and be more involved in the trial. I would have been able to make decisions about whether or not to [testify]."

The PCR court found trial counsel was not ineffective in failing to request an interpreter because an interpreter was not needed and Avila did not show prejudice. We agree.

The record establishes Avila's ability to communicate in English. Avila has lived in the United States for over twenty years and regularly spoke English for his job. Avila's trial counsel stated he communicated with Avila in English and did not recall Avila requesting an interpreter or indicating he was having difficulty

understanding. Additionally, Avila's testimony without an interpreter at the hearing on the motion to suppress did not reveal any indication Avila did not understand the questions asked. The district court conducted a thorough colloquy ensuring Avila did not need an interpreter and confirming Avila was not requesting one. Avila stated he did not want an interpreter. Based on these facts, trial counsel did not breach an essential duty by failing to request an interpreter or object to the court's decision that an interpreter was not required. *See Vega-Sanchez v. State*, No. 12-0642, 2013 WL 2146544, at *2 (Iowa Ct. App. May 15, 2013) (holding an interpreter was not required where the defendant had lived in the United States for fifteen years, regularly spoke English with his family, and communicated with his attorney in English).

Additionally, we agree with and adopt the district court's analysis with respect to prejudice:

> As noted by the State in its final argument, the evidence against plaintiff at trial was overwhelming—including the many admissions made to the authorities *in English* by Mr. Avila. Furthermore, all [Avila] could offer at trial in support of his application was that it *might* have made a difference in his decision making at trial if he had had an interpreter, specifically as to whether he would have elected to testify. [Avila] has offered no evidence as to what testimony he could have offered at trial that would have offset the damning evidence against him, including his own prior admissions. [Avila] has wholly failed to show how the absence of an interpreter affected his case in any way.

(Footnote omitted.)

**IV. Conclusion.**

Because Avila cannot establish trial counsel breached an essential duty or that Avila was prejudiced by the alleged breach of duty, we conclude trial counsel

did not render ineffective assistance. We therefore affirm the district court's denial of Avila's PCR application.

**AFFIRMED.**